46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
G. Richard HOWARD, Plaintiff-Appellant,
v.
TENNESSEE VALLEY AUTHORITY; United States Department of
Labor, Defendants-Appellees.
 No. 94-5413.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 G. Richard Howard appeals the dismissal of his civil complaint in which he alleged causes of action, inter alia, under the Energy Reorganization Act of 1974, 42 U.S.C. Sec. 5851. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Howard filed his complaint in the district court alleging that he continues to be blacklisted from nuclear energy work in retaliation for his whistleblowing activities and because of his religious persuasion. Plaintiff named as defendants the Tennessee Valley Authority (TVA) and the United States Department of Labor (DOL) and sought declaratory and injunctive relief and $10 million compensatory and punitive damages. The TVA moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6), and plaintiff responded in opposition. The DOL subsequently joined in the TVA's motion to dismiss. The district court granted defendants' motion and dismissed plaintiff's complaint.
 
 
 3
 Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum filed February 1, 1994. Essentially, plaintiff's claims against the DOL are cognizable only in the context of a petition for review of a final decision of the Secretary of the DOL, and the petition must be filed in the court of appeals. 42 U.S.C. Sec. 5851(c). Further, plaintiff's claims against the TVA were brought or could have been brought in plaintiff's earlier lawsuit and are barred under the doctrine of res judicata. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). The single allegation of conduct postdating the earlier lawsuit entails conduct not attributable to defendants.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.